## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HALBERT E. DOCKINS, JR.
5924 Holbrook Drive
Jackson, MI 39206

                    Plaintiff,

v.

AMAZON PRIME VIDEO, INC.,
2021 7th Avenue S
Seattle, Washington 98134
ANDREW R. JASSY, President and CEO of
Amazon Headquarters;
2021 7th Avenue S
Seattle, Washington 98134
AMAZON MGM STUDIOS;
9336 Washington Blvd.
Culver City, CA 90232
BOBBY SHRIVER;
Unknown
DOUBLE NICKEL ENTERTAINMENT;
234 W. 138 Street
New York, NY 10030
FOXXHOLE PRODUCTIONS;
217631 Ventura Blvd., Ste. 300
Woodland Hills, CA 91364
and MAVEN SCREEN MEDIA
276 5th Avenue, #704-1442
New York, NY 10001,

                    Defendants.

Civil Action No.

## NOTICE OF REMOVAL

Defendant Foxxhole Productions Inc., with the consent of Defendants Double Nickel

1

Entertainment, LLC and Bobby Shriver[1] (collectively, "Defendants"), removes this case,

originally filed in the Superior Court of the District of Columbia, Civil Division, Case Number

2025-CAB-005003 ("Superior Court Action"), to the United States District Court for the District

of Columbia. This action is removable pursuant to 28 U.S.C. § 1332 because there is complete

diversity of citizenship between Plaintiff Halbert E. Dockins, Jr. ("Plaintiff") and Defendants,

and the amount in controversy exceeds $75,000. The grounds for removal are as follows:

## I.    BACKGROUND

1.    On July 30, 2025, Plaintiff filed his Complaint against Defendants in the Superior

Court of the District of Columbia, Civil Division, in the civil action styled *Halbert E. Dockins,*

*Jr. v. Amazon Prime Video, Inc., et al.*, Case No. 2025-CAB-005003. A true and correct copy of

the Complaint and its exhibit is attached as **Exhibit A**.

2.    The Complaint asserts claims for (1) invasion of privacy, (2) public disclosure of

private facts, (3) false light, (4) violation of unfair or deceptive trade practices under D.C. Code

§ 28-3904, (5) misappropriation of name, image and likeness (against all entity defendants), (6)

misappropriation of name, image, and likeness (against Defendant Bobby Shriver), (7)

misappropriation of name, image, and likeness (against Defendant Andrew R. Jassy); and (8)

violation of the right of publicity. Compl. ¶¶ 54-292.

3.    On July 30, 2025, the Superior Court of the District of Columbia issued an Initial

Order. A true and correct copy of that order is attached hereto as **Exhibit B**.

4.    On August 1, 2025, the Clerk of the Superior Court of the District of Columbia

issued a Summons to all Defendants. True and correct copies of the Summons issued to each

---

[1] Defendants Amazon Prime Video, Inc. and Amazon MGM Studios do not exist as legal entities and therefore can neither consent to nor oppose removal; Defendants Andrew R. Jassy and Maven Screen Media Ltd have not been properly served.

defendant is attached hereto as **Exhibit C**.

5.      Based on the proofs of service filed by Plaintiff:

a.      On August 5, 2025, Plaintiff served Defendants Double Nickel Entertainment and attempted service on Maven Screen Media.[2]

b.      On August 7, 2025, Plaintiff attempted service on Defendants Amazon Prime Video, Inc. and Andrew R. Jassy.[3]

c.      On August 7, 2025, Plaintiff served Defendant Foxxhole Productions.

d.      On August 13, 2025, Plaintiff served Defendant Bobby Shriver.

e.      On August 20, 2025, Plaintiff attempted service on Defendant Amazon MGM Studios.[4]

6.      True and correct copies of the foregoing proofs of service filed in the Superior Court Action are attached hereto as **Exhibit D**.

7.      Under 28 U.S.C. § 1446(b) and District of Columbia Circuit case law, Defendant Foxxhole Productions Inc. timely removed Plaintiff's state court claims within 30 days of service.

8.      On August 26, 2025, Defendants filed a Consent Motion for extension of time to respond to the Complaint.

9.      On August 28, 2025, the Court entered an order granting Defendants' Consent Motion and extending the time to respond to the Complaint to September 9, 2025.  A true and

---

[2] Service on Defendant Maven Screen Media Ltd was improper.

[3] Defendant Amazon Prime Video, Inc. does not exist as a legal entity and therefore cannot be served with process; service on Andrew R. Jassy was improper.

[4] Defendant Amazon MGM Studios does not exist as a legal entity and therefore cannot be served with process.

correct copy of this order is attached hereto as **Exhibit E**.

## II. BASIS FOR REMOVAL

10.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States and in which citizens or subjects of a foreign state are additional parties."

11.    Removal to this Court is proper because the U.S. District Court for the District of Columbia is the federal judicial district and division embracing the Superior Court of the District of Columbia, Civil Division, where Plaintiff initially filed his Complaint. *See* 28 U.S.C. § 88.

### A. Diversity of Citizenship

12.    This case satisfies the requirement of complete diversity.

13.    "For diversity-jurisdiction purposes, a corporation is a citizen of every domestic state … in which it is incorporated or has its principal place of business." *Nwosu v. Four Seasons Hotels Ltd.*, 2024 WL 4332605, at *4 (D.D.C. Sept. 27, 2024); *see also* 28 U.S.C. § 1332(c)(1).  Limited liability companies "have the citizenship of each of their members." *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016).  An individual has citizenship in a state for diversity purposes if he is an American citizen and is domiciled in the state. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989).

14.    Plaintiff is an individual residing in Jackson, Mississippi.  Compl. ¶ 3.

15.    Defendant Amazon MGM Studios does not exist as a legal entity, but is alleged to be a Delaware corporation, with its principal place of business in Culver City, California. Compl. ¶ 5; *see* Declaration of Dan Scharf ("Scharf Decl.") ¶ 4, attached hereto as **Exhibit F**.

16.    Defendant Amazon Prime Video, Inc. does not exist as a legal entity, but is

alleged to be headquartered in Seattle, Washington.  Compl. ¶ 8; *see* Scharf Decl. ¶ 4.

17.     Defendant Andrew R. Jassy's alleged address is in Seattle, Washington.  *See* Complaint caption.  He is an individual domiciled in the State of Washington.

18.     Defendant Bobby Shriver is an individual domiciled in California.

19.     Defendant Double Nickel Entertainment is alleged to be located in New York, New York.  Compl. ¶ 10.  It is a limited liability company whose members are citizens of New York.

20.     Defendant Foxxhole Productions is alleged to be located in Woodland Hills, California.  Compl. ¶ 11.  It is a California corporation headquartered in Woodland Hills, California.

21.     Defendant Maven Screen Media is alleged to be based in London and New York, New York.  Compl. ¶ 12.  It is a UK limited liability company whose members are citizens of the United Kingdom.

22.     Because no defendant is a citizen of the same state as Plaintiff, the parties are completely diverse.

**B.     Amount in Controversy**

23.     The $75,000 amount-in-controversy requirement is also satisfied.

24.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

25.     Plaintiff's Complaint makes clear that the amount in controversy exceeds $75,000 based on Plaintiff's assessment of the value of his claim.

26.     First, as the sole exhibit to his Complaint, Plaintiff has attached a purported Life Story Rights Acquisition Agreement dated May 2, 1996, between Defendant Bobby Shriver and non-parties Willie E. Gary and Jeremiah O'Keefe, two individuals whose life story was portrayed in the film at issue, *The Burial*.  Compl. ¶¶ 15-16 and Ex. A thereto.

27.     The Agreement indicates that if a motion picture of their life story is optioned within the one-year option period, Gary and O'Keefe were to be paid 75% of a purchase price of $50,000-$500,000 (a minimum of $37,500), plus 2.5% of the net profits from the motion picture, as well as 25% of Shriver's cash compensation of at least $150,000 (which is equal to a minimum of $37,500).  Compl., Ex. A at pp. 1, 2, 10.

28.     Even assuming the minimum cash amounts (which total $75,000) and no profits, the value of the rights at issue would exceed $75,000 per person in today's dollars.

29.     Plaintiff complains that "like [these individuals], [Plaintiff's] life story was portrayed in *The Burial*, and Defendants did not offer him any compensation,"  Compl. ¶ 18, indicating he is seeking to vindicate similar purported rights.

30.     Other allegations indicate that Plaintiff is valuing his claim based on Defendant's profits, which Plaintiff places at exceedingly high numbers.

31.     In Count IV for unfair or deceptive trade practices under D.C. Code § 28-3904, for example, Plaintiff explicitly requests damages in the form of "both actual loss and damages, costs, interest, royalties, and restitution of Defendant's unlawful proceeds, *including Defendant's profits*."  Compl. ¶ 142 (emphasis added).

32.     Plaintiff alleges that "Defendants derived a commercial benefit from the unauthorized portrayal of the Plaintiff [in *The Burial*]—through revenue generated from subscriptions, advertising, licensing, and promotional activity."  Compl. ¶ 73.

6

33.     Plaintiff alleges that Amazon Prime Video had "200 million monthly subscribers" and an estimated $10 billion budget in 2023.  Compl. ¶¶ 137-138.  Plaintiff also alleges that Amazon Prime Video's subscriptions earned a 2023 annual revenue of $40.2 billion, and were expected to exceed that amount in 2024.  Compl. ¶ 49.

34.     Finally, as further indication of Plaintiff's assessment of the value of his claim, Plaintiff made a pre-settlement demand by letter dated January 8, 2025, seeking "an amount of $10mm to settle all claims against all the defendants in this case."

35.     Fed. R. Evid. 408 does not bar consideration of this amount because this evidence is not being offered to establish the amount of Defendants' liability, but rather to indicate Plaintiff's assessment of the value of his publicity rights.  *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded [the threshold for diversity jurisdiction], it is 'apparent' that removal was proper.").

### C.     Notice

36.     Promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiff, and will file a copy of this Notice with the Clerk of the Superior Court of the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d).

### D.    No Waiver

37.    By removing this action from the Superior Court of the District of Columbia,

Defendants do not waive any defenses available to them.

38.    By removing this action, Defendants do not admit any of the allegations in

Plaintiff's Complaint.

## III.    CONCLUSION

Accordingly, Defendants remove the above-captioned action from the Superior Court of

the District of Columbia, Civil Division, to the United States District Court for the District of

Columbia.

Dated:  September 5, 2025                    Respectfully submitted,

<u>        /s/ Laura Handman        </u>
DAVIS WRIGHT TREMAINE LLP
Laura Handman (D.C. Bar No. 444386)
Meenakshi Krishnan (D.C. Bar No. 1617229)
1301 K Street NW, Suite 500 East
Washington, D.C.  20005-3317
(202) 973-4200
(202) 973-4499 (fax)
laurahandman@dwt.com
meenakshikrishnan@dwt.com

Diana Palacios*
Cristina Salvato*
Joel Richert*
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
(213) 633-6800
(213) 633-6899 (fax)
dianapalacios@dwt.com
tinasalvato@dwt.com
joelrichert@dwt.com
*Pro hac vice forthcoming*

*Attorneys for Defendants*
*Foxxhole Productions Inc., Double Nickel*
*Entertainment, LLC, and Bobby Shriver*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I caused the foregoing Defendants' Notice of

Removal to be served via the court's CM/ECF system upon the Clerk of the Court and via First

Class mail, postage prepaid, upon the following persons:

Tricia P. Hoffler (DC Bar No. 419816)
The CK Hoffler Firm
27 Lenox Point NE
Atlanta, GA 30324
Tel: 404-263-0201
Fax: 404-263-0202
ck@ckhofflerfirm.com

*Attorney for Plaintiff*

*/s/ Laura Handman*
Laura Handman